RAY E. ANTHONY, PLAINTIFF, v. PUBLIC TRANSIT COMPANY, BODY CORPORATION, DEFENDANT.

Submitted March 13, 1925—Decided October 15, 1925—Filed November 20, 1925.

Negligence—Injury to Motor Bus Passenger—No Merit Found in Defendant's Alleged Errors Regarding Charge to Jury—Charge Must Be Considered in Its Entirety—No Error Found in Court's Permission to Allow Plaintiff to be Pierced With Needle in Presence of Jury For Purpose of Showing Paralysis—No Error in Refusal to Charge That if Jury Finds Witness Told An Untruth in Any Particular, Jury Was Justified in Not Believing Any of the Witness' Testimony—Negligence Was Proven by the Fact That Vehicle Did Strike a Bridge.

On defendant's rule to show cause.

Supreme Court—Anthony v. Public Transit Co.

Before Gummere, Chief Justice, and Justices Parker and Katzenbach.

For the plaintiff, *Reilly, Quinn & Parsons.*

For the defendant, *Jacob Steinbach.*

Per Curiam.

This case is before us on a defendant's rule to show cause why a verdict obtained by Ray E. Anthony against the Public Service Transit Company should not be set aside and a new trial granted. The defendant operated a bus line between Red Bank and Long Branch. On June 15th, 1924, Anthony was a passenger in one of the defendant's buses. The bus struck a bridge. Anthony, by the impact, was thrown from his seat and fractured his right arm. This, subsequently, resulted in a partial paralysis of the arm, due to the fact that the fracture was adjacent to a nerve in the arm. The bus at the time of the accident was traveling at a fairly high rate of speed, which was the probable cause of the bus swerving and striking the end of the bridge.

The defendant assigns twenty reasons for setting aside the verdict. All of these, however, are not briefed.

The first point briefed by the defendant is that the court in its charge erred in assuming certain facts which were not in the testimony. The first portion of the charge criticised in this respect is the following: "And in connection with that phase of the case you must determine whether the injury is shown by the evidence to be temporary or permanent, and also the question, if there is not a complete inability to perform labor, there has been an impairment of that ability which has in the past, and may, under the evidence, in the future affect his earning capacity." The defendant, from this portion of the charge, argues that the court charged the jury that there was a complete inability to perform labor on the part of the plaintiff. A reading of the entire portion of the charge on this subject shows that there is no foundation for this assumption, and that the

charge upon this subject, taken in its entirety, was proper. It is improper to take an isolated portion of a court's charge and from such portion base an argument. The charge must on every point be considered as a whole.

The second point argued for the defendant is that the court said in its charge "that the failure of the bus driver to perform the duties called for by humanity should not influence the jury." It is claimed that this was error. This is also only a portion of the charge on this subject. The portion complained of was beneficial to the defendant. The defendant was not injured by this portion of the charge.

The third point in which the charge is criticised is that the court said "there is no material conflict in the medical testimony." This is also an isolated portion of the charge. When the whole charge is read on this subject it will be seen that the court's comment upon the medical testimony was fully justified by the evidence.

The fourth point argued is that the court erred in permitting a needle to be stuck in the arm of the plaintiff in view of the jury to show that the plaintiff was suffering from paralysis and his arm lacked sensation. This was a matter within the discretion of the court.

The next point which the defendant raises is that the court erred in refusing to charge the following request of the defendant, namely, "If you find that the witness told an untruth in any particular you are, in your judgment, justified in not believing any of such witnesses' testimony." This request did not distinguish between an untruth caused by mistake and an untruth willfully told. The request was therefore not legally sound. *State* v. *Dugan,* 84 *N. J. L.* 603; *Addis* v. *Rushmore,* 74 *Id.* 649. It was also a comment upon the evidence which the court was not required to charge.

The next point made by the defendant is that there was no negligent act proven. There is no merit in this contention. It was perfectly possible to operate a bus over the bridge without striking the bridge. There was testimony

Supreme Court—Oxford Foundry, &c., Co. v. Geo. A. Myers & Co.

offered that the bus did strike the bridge. This was sufficient evidence of negligence to take the case to the jury.

The last point argued for the defendant is that the verdict is excessive. The verdict was for $5,000. The plaintiff was thirty-three years old. He had a wife and two children. He was obliged to earn his livelihood by manual labor. This requires lifting. This he cannot do. The nerves in his right arm are paralyzed. He has no feeling in his right arm or in the fingers of his right hand. He suffers pain in his shoulder. His capacity to work as a laborer has been greatly lessened, if not destroyed. We think, under the circumstances, that the verdict is not excessive. The rule to show cause is discharged.